Eastern District.
*February*, 1830.

AVART
*vs.*
HIS CREDITORS.

---

### *AVART vs. HIS CREDITORS.*

A suit to avoid a mortgage, to the injury of creditors is prescribed in the same manner, as suit to avoid a conveyance.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. This case comes up on an opposition made by a creditor of the insolvent to the homologation of a tableau of distribution filed by the syndics of his estate. The cause

was formerly before this court, on an appeal from a judgment, by which the opposition of the complainant was dismissed. *See vol.* 6, 652. The judgment of the district court was then reversed, and the cause remanded to be proceeded in according to law. The opposing creditor, on the last trial in the court below, having obtained judgment in his favour, Delasize, another creditor and syndic of the insolvent's estate, whose interest was materially affected by said judgment, appealed.

The opposition is made to a privilege or preference, claimed by the appellant, on the funds of the bankrupt, in consequence of a mortgage, executed on the 24th of April, 1823. The cession of his property was made, on the 4th of June of the same year, and the principal ground on which the claim of privilege is opposed, is assumed under the provisions of 1817, relative to the voluntary surrender of property, &c., which reprobates all unjust preferences granted by an insolvent, to one or more of his creditors, over the others, and annuls all acts and deeds executed by him, (with the intent of giving such preference) within the three months next preceding his failure, &c. According to this

law, it is contended on the part of the appellant, that the act of mortgage, although executed within the time prohibited, cannot be declared null, without previously convicting the insolvent of having thereby intended to give an unjust preference. This appears to have been the main defence against the pretentions of the appellee in the court below: but since the appeal is a peremptory exception founded on prescription, as established by art. 1982, of the *La. Code*, has been pleaded, which we believe to be decisive of the cause. This article is found in the 7th section of the 3d. chap. and 4th art. of the code on the subject of conventional obligations. The section treats of contracts which may be avoided by persons not parties to them; and the first paragraph relates to "the action of creditors in avoidance of contracts and its incidents. The second designates what contracts shall be avoided by this action; and the article cited, limits the time within which it may be commenced with effect; it is expressed in the following terms: "no contract for securing a just debt, shall be set aside under this section, although the debtor were insolvent to the knowledge of the creditor with whom

he contracted, and although the other creditors are injured thereby, if such contract were made more than one year before bringing the suit to avoid it; and if it contain no other cause of nullity, than the preference given to one creditor over another."

It is evident, according to this provision, that after the lapse of one year, a suit to avoid a contract, such as described in the act, would be barred. The application to the court below, in the present instance, to annul the contract of mortgage (by which the appellant obtained the preference complained of) on account of injury to the other creditors of the insolvent, is not made directly in the form of an action, to have the contract set aside. But in our opinion, it is virtually the same thing .In a *concurso,* a mixed proceeding takes place between the insolvent and his creditors, and the latter as opposed to each other. In the event of a contest between the mass of creditors and any one of them, by which the apparent rights of the individual are assailed, the first would hold the place of plaintiffs; the same would be the situation of any one of the creditors who should claim the interference of the court to set aside any

instrument on the ground of unjust preference, or legal fraud, executed in favor of another. Viewed as a plaintiff, he would be subject to all constructions and disabilities, which appertain to a person who commences an original action; consequently the same prescription is alike applicable to such a demand made either collaterally or directly. In the present case, we have been unable to discover any thing which can shelter the appellee from the operation of the prescription invoked against him. He received a dividend of the insolvent's estate, as a chirographic creditor, in pursuance of a tableau of distribution, filed on the 20th December, 1825. On the 2d. of January, 1226, that tableau was amended, at the suggestion of his counsel, so as to place him thereon, as a creditor to a larger amount than had hitherto appeared in his favor; the present opposition was not filed until the 28th of April, 1827.

In the judgment heretofore rendered in this court, the present plea of prescription was not taken into consideration; it was not pleaded.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

be avoided, reversed and annulled: And it is further ordered, that the opposition of the opposing creditor and appellee be dismissed, at his costs in both courts.

*De Armas* for plaintiff, *Seghers* for defendants.